AMY, J.,
dissenting.
|,I respectfully dissent from with the majority opinion as I find that an affirmation is appropriate.
Louisiana Revised Statutes 9:2801(A)(l)(a) indicates that a party may seek a rule to have its detailed descriptive list accepted as a judicial determination “of *301 the community assets and liabilities.” The trial court’s ruling addressed Mr. Brown’s evidence of the claim for reimbursement as it related to allegedly separate property. Thus, the subject liability at issue, i.e., reimbursement, was not apparently one of the community, rather it must be viewed as one for Ms. Brown alone.
Accordingly, and although the reimbursement claim was originally listed on the detailed descriptive list, I do not find that La.R.S. 9:2801(A)(l)(a) precluded consideration of the adequacy of 1 ?Mr. Brown’s evidence in that regard. Additionally, jurisprudence indicates that, even when a detailed descriptive list is accepted as a judicial determination, claims for allocation of the assets and liabilities, as well as reimbursement remain for further consideration by the trial court. See Lacombe v. Lacombe, 11-1178, p. 12 (La.App. 3 Cir. 2/1/12), 85 So.3d 721, 729 (explaining that the acceptance of a spouse’s “entire list, including her reimbursement claim, would essentially negate the need for further proceedings, evidence, or depositions.”). In my opinion, the trial court noted the generalities of Mr. Brown’s testimony regarding his claim of separate property and the reimbursement claim before determining that he failed to satisfy his burden of proving that claim.
For these reasons, I would affirm the trial court’s ruling.